UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cr-21 |
| DEMETRIUS BRINKLEY and PARONICA BONDS, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Bill of Particulars [DE 189] filed by the defendant, Demetrius Brinkley, on January 14, 2019, and the Motion for a Bill of Particulars [DE 192] filed by the defendant, Paronica Bonds, on January 17, 2019. For the following reasons, the Motion for Bill of Particulars [DE 189] is **DENIED,** and the Motion for a Bill of Particulars [DE 192] is **DENIED.**

*Background*

The defendants, Demetrius Brinkley and Paronica Bonds, currently are charged with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. The defendants are charged only in Count I of the nineteen-count indictment. The remaining charges are directed against the other eight defendants. Brinkley and Bonds were arraigned on March 12, 2018, and they both entered pleas of not guilty.

The defendants assert that the indictment has failed to provide specifics regarding the charge against them, except that it allegedly occurred between June 30, 2016 and February 19, 2018. Therefore, they contend that the indictment contains insufficient facts to allow them to adequately prepare for trial. Brinkley has filed the instant motion seeking the names of all

unindicted co-conspirators; the date, time, place, and manner in which the defendant is alleged to have become a member of the conspiracy; and the nature, date, time, and location of specific acts done in furtherance of the conspiracy, along with the name of the individual alleged to have performed, been involved with, or witnessed those acts.

Bonds has filed the instant motion requesting the time and the exact place where any alleged offenses she committed occurred; the method or means by which the alleged offenses were committed; the name and address of every informer and person relied on by the prosecution for information as to the offense alleged in each count of the indictment; the name and address of every person whom the government expects to call as a witness to prove the offenses charged in each count of the indictment; charges and convictions against potential government witnesses, co-defendants, or co-conspirators; and the names of co-conspirators not named in the indictment, when, where, and what manner she became a member of the conspiracy, and all overt acts done in furtherance of the conspiracy.

The Government filed a response in opposition on February 4, 2019, and neither Brinkley nor Bonds filed a reply. Bonds has adopted the legal discussion set forth in Brinkley's motion for bill of particulars.

*Discussion*

**Federal Rule of Criminal Procedure 7(f)** provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to

2

prepare for trial." ***United States v. Canino***, 949 F.2d 928, 949 (7th Cir. 1991); *see also* ***United States v. Vaughn***, 722 F.3d 918, 927 (7th Cir. 2013); ***United States v. Fassnacht***, 332 F.3d 440, 446 (7th Cir. 2003); ***United States v. Glecier***, 923 F.2d 496, 501 (7th Cir. 1991); ***United States v. Andrus***, 775 F.2d 825, 843 (7th Cir. 1985).

A defendant is only entitled to know the offense with which he or she is charged, not all the evidence of how it will be proved. *See* ***United States v. Kendall***, 665 F.2d 126, 135 (7th Cir. 1981). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." ***United States v. Smith***, 230 F.3d 300, 306 (7th Cir. 2000). Indeed, the Seventh Circuit has held that a bill of particulars is not necessary when an indictment lays out the elements of the charged offenses, gives sufficient notice of the charges to allow the defendant to prepare a defense, gives the time and place of the accused's allegedly criminal conduct, and cites the applicable statute or statutes. ***Vaughn***, 722 F.3d at 927; *see also* ***United States v. Hernandez***, 330 F.3d 964, 975 (7th Cir. 2003); ***Fassnacht***, 332 F.3d at 446. The defendants' constitutional right is to know the offense with which they are charged, not to know the details of how it will be proved. ***Fassnacht,*** 332 F.3d at 466 (quoting ***United States v. Kendall,*** 665 F.2d 126, 135 (7th Cir. 1981)). The key question is whether the defendants were sufficiently apprised of the charges against them in order to enable adequate trial preparation. ***Vaughn***, 722 F.3d at 927 (quoting ***United States v. Blanchard,*** 542 F.3d 1133, 1140 (7th Cir. 2008)).

In making this determination, the court is not required to consider only the indictment. The information may be provided to the defendants through "some other satisfactory form." ***Canino,*** 949 F.2d at 949 (the government had maintained an "open-file" policy); ***Fassnacht***, 332 F.3d at 447 n. 2 ("the government in this case provided the defendants with extensive pretrial

discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); *Glecier,* 923 F.2d at 501-02 (a "volume of documents and records" had been provided by the government during discovery). Adequate discovery can "satisfy the need for a bill of particulars." *Vaughn*, 722 F.3d at 928.

The defendants have argued that the indictment contains insufficient facts to allow them to adequately prepare for trial. However, the government contends that the information requested by the defendants would amount to an outline of the government's proof at trial, as well as information that goes well beyond what is required to prove a drug conspiracy. The government asserts that the defendants are not entitled to a bill of particulars because the indictment has apprised them of the elements of the offense charged and the time and place of the charged conduct with citations to the relevant statute. Additionally, the government represents that it has produced extensive amounts of discovery including: (a) the time, place, and circumstances of acts of violence and narcotics trafficking; (b) the identities of potential witnesses; (c) statements made by individuals; (d) evidence obtained and inventoried; (e) photographs and video recordings; and (f) extensive reporting regarding the investigation, including search warrant applications and affidavits in support, which detail the course of the investigation.

The government has indicated that the names of the unidentified co-conspirators are available through discovery. The government also has indicated that the act or acts the defendants alleged to have agreed to carry out falls outside the purpose of a bill of particulars. "Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence his involvement in a conspiracy. . ." *United*

4

*States v. Rodriguez,* 2009 WL 1110415 (E.D. Wis. 2009); *U.S. v. Arms*, 2015 WL 3513991, at *11 (E.D. Wis. 2015).

The defendants' motions request greater details about the government's case. However, the defendants are not entitled to discover, through a bill of particulars, the evidentiary details of the government's case. *Glecier,* 923 F.2d at 501-02; *United States v. Brock,* 863 F. Supp. 851, 857 (E.D. Wis. 1994). Information relating to how the government plans to prove that the defendants were members of the conspiracy are clearly "evidentiary details" that are not appropriately disclosed through a bill of particulars. *See Glecier,* 923 F.2d at 502; *see also United States v. Knowles,* 2 F. Supp. 2d 1135 (E.D. Wis. 1998).

The indictment has set forth the elements of the offense charged, time and place of the charged conduct while tracking the statutory language. Moreover, the defendants have not argued that the discovery provided by the government was insufficient. The government, in its response in opposition, indicated that it was in the process of tendering more discovery that contained Jencks materials, proffer reports, and grand jury materials. Accordingly, the indictment and the discovery provide the defendants with sufficient information to apprise them of the charges and enable them to adequately prepare their defense for trial.

Based on the foregoing reasons, the Motion for Bill of Particulars [DE 189] is **DENIED,** and the Motion for a Bill of Particulars [DE 192] is **DENIED.**

ENTERED this 25th day of April, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge